The Honorable Marvin Childers State Representative 1120 County Club Road Blytheville, AR 72315-1230
Dear Representative Childers:
I am writing in response to your request for an opinion on the following questions concerning Amendment 80 to the Arkansas Constitution, which reorganized the court system in Arkansas:
 1. Does Subsection 7(C) [of Amendment 80] mean that at least one separately elected District Judge per county is required, as well as at least one District Court per county?
 2. In the alternative, does Section (10) [of Amendment 80] permit the legislature to combine more than one county into a District Court judicial district?
 3. In the alternative, does Subsection 16(D) [of Amendment 80] permit combining more than one county into a District Court only if there are no qualified candidates in a contiguous county when the election takes place? [Emphasis original.]
 4. Finally, does Subsection 16(D) [of Amendment 80] authorize a District Judge to be elected in two separate District Courts only if there is no qualified elector in a contiguous county? [Emphasis original.]
RESPONSE
The answer to your first question is "no" according to the percuriam opinion of the Arkansas Supreme Court In Re: SupremeCourt Amendment 80 Committee's Recommendations for LimitedJurisdiction Courts (Jan. 13, 2005) (hereinafter "In Re:Amendment 80"). While the Court appears to recognize Ark. Const. amend. 80, § 7(C)'s requirement that "[t]here shall be at least one District Court in each county," In Re: Amendment 80
also reflects the view that one district judge may be elected to serve the district court in each of two or more counties when counties are combined for the purpose of electing a "full-time judge." The answer to your second question is "yes," consistent with In Re: Amendment 80, although Section 10 of Amendment 80 must be read together with Subsections 7(C) and (D) to yield this response. In response to your third and fourth questions, there is no suggestion in In Re: Amendment 80 that Subsection 16(D) limits or constrains the combination of counties to form a district for the election of a district judge to serve the court in each county. The answer to both questions is therefore "no," in my opinion.
Question 1 — Does Subsection 7(C) [of Amendment 80] mean that atleast one separately elected District Judge per county isrequired, as well as at least one District Court per county?
It is apparent from In Re: Amendment 80 that the Court does not interpret Ark. Const. amend. 80, § 7(C) as requiring a separately elected district judge per county. This is discernable from the Court's acceptance of certain recommendations of the Amendment 80 Committee with respect to issues affecting district courts.[1] In accepting one of the recommendations concerning "the creation of full-time district judge positions . . . [,]" the Court noted the following statement from its previous order In Re: Amended Supreme Court Statement on LimitedJurisdiction Courts Under Amendment 80, 351 Ark. Appx. 708
(2002):
 `While Amendment 80 does not require that district court judges serve in a full-time capacity it certainly contemplates that as the standard. [The change from a municipal or city to a `district' court, the creation of one court per county and the specific authorization of judges to serve courts in more than one county all evidence the expectation of a full-time judiciary.][2] If the district court is to become a true third tier of the state court system it must be a full-time court served by full-time judges.
 * To the extent that the number of cases within a county or district is sufficient to support a full caseload, district judges should serve on a full-time basis and should be prohibited from practicing law.
 * To the extent that there is not a sufficient number of cases within a district or county to support a full caseload, two or more districts and/or counties should be combined for the purposes of creating an electoral district for the election of a full-time judge to serve the courts so designated.'
In Re: Amendment 80 at 2-3 (emphasis added).
I believe it reasonably follows from the highlighted passages that the Court perceives nothing in Amendment 80 to require a separately elected district judge per county, although it does appear to recognize that there must be a district court in each county, consistent with Subsection 7(C)'s requirement that "[t]here shall be at least one District Court in each county." To conclude that there must be a separately elected judge would seem counter to Amendment 80's "expectation of a full-time judiciary" which prompted the Court's recommendation that depending upon caseload, "districts and/or counties should be combined for the purpose of creating an electoral district for the election of "a full-time judge. . . ."[3] The Court apparently views the full-time judiciary standard as emanating from Subsections 7(C) and (D) of Amendment 80, which provide respectively, in relevant part, that "[t]here shall be at least one District Court in each county[,]" and that "[a] District Judge may serve in one or more counties." The Court attributes to these subsections "the creation of one court per county[,]" and the "specific authorization of judges to serve courts in more than one county. . . ."). Id. Accordingly, when the Court recommends the combination of two or more counties "for the election of a full-time judge to serve the courts so designated[,]" it clearly contemplates one judge serving the district court in each of the counties that have been combined, consistent with the goal of a full-time judiciary.
Given the Court's view of the matter, I believe it is clear that if faced with the question it would reject any contention that there must be a separately elected district judge per county.
Question 2 — In the alternative, does Section (10) [of Amendment80] permit the legislature to combine more than one county into aDistrict Court judicial district?
In my opinion, Section 10, together with Subsections 7(C) and (D) of Amendment 80 as recognized by the Court in In Re: Amendment80, permits the combination of counties envisioned by the Court in its per curiam opinion.
Section 10 provides:
 The General Assembly shall have the power to establish jurisdiction of all courts and venue of all actions therein, unless otherwise provided in this Constitution, and the power to establish judicial circuits and districts and the number of judges for Circuit Courts and District Courts, provided such circuits or districts are comprised of contiguous territories.
Ark. Const. amend. 80, § 10.
Although the Court did not mention this section of the amendment in In Re: Amendment 80, I believe it is implicit in the Court's statements regarding the combination of counties for the purpose of electing a full-time judge, discussed above. When the Court observed that legislative action would be necessary to implement the approved recommendations of the Amendment 80 Committee (see
n. 1, supra), it must have had in mind Section 10, as this is the only applicable provision empowering the General Assembly to act in response to the Court's recommendations. The answer to your question regarding Section 10 is therefore "yes," consistent with In Re: Amendment 80, although Section 10 of Amendment 80 must be read together with Subsections 7(C) and (D) to yield this response.
Question 3 — In the alternative, does Subsection 16(D) [ofAmendment 80] permit combining more than one county into aDistrict Court only if there are no qualified candidates in acontiguous county when the election takes place? [Emphasisoriginal.]
Question 4 — Finally, does Subsection 16(D) [of Amendment 80]authorize a District Judge to be elected in two separateDistrict Courts only if there is no qualified elector in acontiguous county? [Emphasis original.]
Given your previous questions, I have addressed Questions Three and Four together under the assumption that each concerns the election of a district judge in a district that embraces more than one county.[4] These questions appear to reflect a concern that the residency restriction set forth in Ark. Const. amend. 80, § 16(D) limits or constrains combining counties for the election of a district judge. This subsection states:
 All Justices and Judges shall be qualified electors within the geographical area from which they are chosen, and Circuit and District Judges shall reside within that geographical area at the time of election and during their period of service. A geographical area may include any county contiguous to the county to be served when there are no qualified candidates available in the county to be served.
Ark. Const. amend. 80, § 16(D).
It seems clear from In Re: Amendment 80 that Subsection 16(D) does not bear on the combination of counties envisioned by the Court. The answer to both of these questions is therefore "no," in my opinion. According to In Re: Amendment 80, in the case of combined counties for the election of one district judge, the judge will be elected from an "electoral district" formed by the combined counties. This "electoral district" presumably is the "geographical area" referred to in Subsection 16(D). Accordingly, as long as the elected judge is a qualified domiciliary of one of the combined counties, it seems that the qualified elector requirement will be met.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The Amendment 80 Committee was established by the Court shortly after the approval of Amendment 80 to the Arkansas Constitution. See In Re: Amendment 80 at 1. The Committee was charged with overseeing the implementation of Amendment 80 with respect to circuit and district courts and making recommendations to the Court. Id., citing In Re: Appointment of SpecialSupreme Court Committee to be known as "Amendment 80 Committee,"
343 Appx. 877 (2000). As noted by the Court, legislative action is necessary to implement the recommendations. In Re: Amendment80 at 1. In this regard, the Court reiterated its previous statement that "[T]he responsibility for implementation . . . is shared between the Supreme Court and the General Assembly. . . . These policy statements . . . are offered as a guide to insure consistency in the measures adopted by the judicial and legislative branches. . . ." Id., quoting from In Re: AmendedSupreme Court Statement on Limited Jurisdiction Courts UnderAmendment 80, 351 Ark. Appx. 708 (2002).
[2] The bracketed material was omitted from the quotation, presumably because it merely substantiates the Court's policy statement regarding a full-time judiciary for the limited jurisdiction court system. Further foundation for this policy statement is reflected in the following passage from the Court's previous In Re: Amended Supreme Court Statement:
 Amendment 80 also requires change and improvement of our limited jurisdiction court system. The implementation date for these changes is January 1, 2005. In many respects, the reform of these courts is the most significant area of constitutional change. Arkansas' limited jurisdiction courts have historically operated as `step-children' in our state court system; in fact, in very few respects could they be considered `state' courts. Pre-Amendment 80 constitutional and statutory provisions create five different limited jurisdiction courts, each with conflicting and overlapping jurisdiction. Almost all of these courts operate on a part-time basis and there is little consistency in practice and procedure from jurisdiction to jurisdiction.
351 Ark. Appx. at 709.
[3] I note that the reference to "districts" may at first seem confusing. However, this presumably refers to the "two judicial districts" in certain counties which were recognized by the Court in its previous Statement on Limited Jurisdiction Courts,supra, wherein it observed that "[i]n counties which have two county seats and in which the General Assembly has created two judicial districts, one district court should be created in each district." 351 Ark. Appx. at 709. In the event such "districts" are combined as contemplated by In Re: Amendment 80, the "full-time judge" will serve the district court in each district.
[4] I do not interpret your questions as focusing on a district judge's election in separate districts. Amendment 80 contains a proscription against dual service. Subsection 16(F) provides:
 Circuit, District, and Appellate Court Judges and Justices shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this state or the United States, except as authorized by law.
Ark. Const. amend. 80, § 16(D).
There is a question whether this proscription precludes one's simultaneous service in two districts if there is a lack of qualified candidates. Although the question might allow of debate, I have opined that such dual service would be permissible. See Ops. Att'y Gen. Nos. 2003-341 and 2001-264.